PFLUGRADT and others, Respondents, vs. NETH and wife, Appellants.*

*March 10—April 5, 1955.*

* Motion for rehearing denied, with $25 costs, on June 1, 1955.

For the appellants there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondents there was a brief and oral argument by *Richard V. Reiss* of Milwaukee.

MARTIN, J.   There was a stipulation in open court by the parties to this action that the heating system installed by the plaintiffs is adequate and proper for defendants' premises. The trial court so found and it also found that plaintiffs obtained approval from the industrial commission of the plan of the installation made.   The facts found by the trial court are not challenged on this appeal and no bill of exceptions has been filed.   It is therefore established that defendants have received from the plaintiffs an efficient and approved heating system.   The only question presented is whether they may set up as a defense to this action plaintiffs' failure to obtain approval of the plans before installation.

Order No. 5820 (2) promulgated by the industrial commission under sec. 101.10, Stats., provides:

"2. Complete plans, specifications, and data sheets for heating, ventilation, and air conditioning of all buildings and occupancies within the scope of this code shall be submitted to the industrial commission for approval.  Approval shall be obtained before affected work is commenced and all work

shall be executed according to the approved plans and specifications."

Work was commenced on defendants' heating plant in July of 1950 and completed in December. Claim for the lien was filed June 13, 1951, and this action was commenced on February 18, 1952. On January 18, 1954, plaintiffs submitted the plans of the installation to the industrial commission and received its approval.

It is defendants' contention that since approval was not obtained before the work was commenced as provided by Order No. 5820 (2), plaintiffs are barred from recovery under sec. 101.185, Stats., which provides:

"Proof by any person, firm, or corporation employing a contractor to construct, repair, alter, or improve any building or structure, that such contractor in performing such work has failed to comply with any applicable order or regulation of the industrial commission promulgated under the provisions of section 101.10 shall constitute a defense to any action for payment by such contractor to the extent that it shall bar recovery for any part of the work which fails to comply. . . ."

The statute by its terms applies to a situation where the contractor "in performing such *work* has failed to comply with any *applicable order*" and the defense thereunder is limited to "any part of the *work* which fails to comply." The prior approval of plans required by the order here involved has nothing to do with the *work* done by the contractor. Defendants failed to show that the work did not comply with any applicable order of the commission. They do not challenge the finding that the work was properly done. The defense under the statute is not available to them on the ground of noncompliance with Order No. 5820 (2).

There is no merit to defendants' argument that this holding nullifies the effect of the statute. What defendants ask us to do is extend its effect to penalize a contractor for failing to

comply with an order which has nothing to do with the performance of the work. The defense offered by the statute may be resorted to only where, and to the extent that, the work does not comply with applicable orders.

*By the Court.*—Judgment affirmed.